UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STACEY ABRAMS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:21-cv-05814 |
| | : | |
| CETERIS PORTFOLIO SERVICES, LLC DBA SRA ASSOCIATES DBA STRATEGIC RESOURCE ALTERNATIVES, | : : : : | |
| | : | |
| Defendant. | : | |

**DEFENDANT CETERIS PORTFOLIO SERVICES, LLC D/B/A SRA ASSOCIATES D/B/A STRATEGIC RESOURCE ALTERNATIVES' ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR A TRIAL BY JURY**

Defendant, Ceteris Portfolio Services, LLC d/b/a SRA Associates d/b/a Strategic Resource Alternatives ("Defendant"), by and through its undersigned counsel, answers the Complaint of Plaintiff, Stacey Abrams ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

2. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

**PARTIES**

3. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same.

1

4. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

5. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

6. Admitted in part; denied in part. Defendant admits only that it has an office in New Jersey. The remaining allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

7. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

8. Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

9. Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

10. Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However,

Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

## FACTS COMMON TO ALL COUNTS

11. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Defendant also denies the allegations in this Paragraph, if any, as they are legal conclusions to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

12. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Defendant also denies the allegations in this Paragraph, if any, as they are legal conclusions to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

13. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Defendant also denies the allegations in this Paragraph, if any, as they are legal conclusions to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

14. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Defendant also denies the allegations in this Paragraph, if any, as they are legal

conclusions to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

15. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Defendant also denies the allegations in this Paragraph, if any, as they are legal conclusions to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

16. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph of Plaintiff's Complaint, and therefore denies the same. Defendant also denies the allegations in this Paragraph, if any, as they are legal conclusions to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

17. Denied. Defendant denies the allegations in this Paragraph, if any, as they are legal conclusions to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

18. Denied. Defendant denies the allegations in this Paragraph, if any, are denied as they are a legal conclusion to which no response is required. Further, Defendant states that the terms of any of its communications with Plaintiff speak for themselves.

19. Denied.

## COUNT I

20. Defendant repeats its responses to the allegations contained in paragraphs 1 through 19 above and incorporates them as if specifically set forth at length herein.

21. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## COUNT II

22. Defendant repeats its responses to the allegations contained in paragraphs 1 through 21 above and incorporates them as if specifically set forth at length herein.

23. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## COUNT III

24. Defendant repeats its responses to the allegations contained in paragraphs 1 through 23 above and incorporates them as if specifically set forth at length herein.

25. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## COUNT IV

26. Defendant repeats its responses to the allegations contained in paragraphs 1 through 25 above and incorporates them as if specifically set forth at length herein.

27. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

## JURY DEMAND

28. Admitted.

## PRAYER FOR RELIEF

29. Denied. The allegations in this Paragraph, if any, are denied as they call for a legal conclusion to which no response is required.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Defendant its reasonable attorney's fees and costs incurred in defending this action. Defendant further requests that this Court deny any other requested damages, fees, costs, other legal and equitable relief, and award such other relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Defendant demands a trial by jury under Fed. R. Civ. P. 38 for all issues so triable.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff failed to mitigate any damages which Plaintiff may have suffered.

5. Plaintiff has suffered no compensable damages.

6. Plaintiff has suffered no ascertainable loss of money or property.

7. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

Dated: January 6, 2022                  Respectfully Submitted:

                                             By: /s/ Paul W. Daugherity
*Attorney for Defendant Ceteris Portfolio Services, LLC dba SRA Associates dba Strategic Resource Alternatives*

Paul W. Daugherity
KAUFMAN DOLOWICH
& VOLUCK, LLP
135 S. LaSalle Street, Suite 2100
Chicago, IL 60603
T: (312) 863-3685
F: (312) 896-9403
Email: pdaugherity@kdvlaw.com
*Attorney for Defendant Ceteris Portfolio Services, LLC*
*dba SRA Associates dba Strategic Resource Alternatives*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the foregoing electronically via the Court's CM/ECF system on the following:

Richard John Meier, Esq.<br>
Meier LLC<br>
401 N. Michigan Avenue, Suite 1200<br>
Chicago, IL 60611<br>
richard@lpglaw.com

    /s/ Paul W. Daugherity
    Paul W. Daugherity

Dated: January 6, 2022

4854-3248-8200, v. 2